UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTORIA LABRUZZO** | **CIVIL ACTION** |
| **PLAINTIFF** | **NO.:** |
| **VERSUS** | **JUDGE** |
| **ACE AMERICAN INSURANCE COMPANY, TAYLOR FARMS TEXAS, INC., TAYLOR FRESH FOODS, INC. AND JESSE OLIVARES** | **MAG.** |
| | **JURY TRIAL** |
| **DEFENDANTS** | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Taylor Fresh Foods, Inc. and Taylor Farms Texas, Inc., through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the action *Victoria Labruzzo v. ACE American Insurance Company, Taylor Farms Texas, Inc., Taylor Fresh Foods, Inc., and Jesse Olivares,* Case No. 2023-13104, Div. M-13, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana ("The State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of their Notice of Removal, Taylor Fresh Foods, Inc., and Taylor Farms Texas, Inc. respectfully represent:

### DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000.00. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

1

45576/1597621

2. Diversity jurisdiction is fixed at the time of removal. See *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990).

## DIVERSITY OF CITIZENSHIP

3. Defendants attach as Exhibit "A" a complete copy of the State Court Record (as of February 5, 2024).

4. On December 5, 2023, Victoria Labruzzo ("Plaintiff"), commenced the captioned action by filing a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiff named ACE American Insurance Company, Taylor Farms Texas, Inc., Taylor Fresh Goods, Inc. and Jesse Olivares as defendants.[1]

6. In her Petition for Damages, Plaintiff stated that she is a resident and domiciled in the State of Louisiana.[2] Accordingly, Plaintiff is a citizen of Louisiana for federal diversity jurisdiction removal purposes.

7. Taylor Fresh Foods, Inc. is a Delaware corporation with its principal place of business in the State of California. Accordingly, Taylor Fresh Foods, Inc. is a citizen of the State of California and/or Delaware for federal diversity jurisdiction removal purposes.

8. Taylor Farms Texas, Inc. is a Texas corporation with its state of incorporation and principal place of business in the State of Texas. Accordingly, Taylor Farms Texas, Inc. is a citizen of the State of Texas for federal diversity jurisdiction removal purposes.

9. ACE American Insurance Company is a Pennsylvania corporation with its state of incorporation and principal place of business in the State of Pennsylvania. Accordingly, ACE American Insurance Company is a citizen of the State of Pennsylvania for federal diversity jurisdiction removal purposes.

---

[1] *See* Exhibit "A": Petition for Damages within the state court record.
[2] *Id.* at introductory paragraph.

45576/1597621

10. Jesse Olivares is a Texas resident and domiciled in the State of Texas. Accordingly, Jesse Olivares is a citizen of Texas for federal diversity jurisdiction removal purposes.

11. Complete diversity of citizenship existed between Plaintiff and all defendants on the date of filing of Petition for Damages and exists as of the date of this removal.

## THE CLAIMS PRESENTED

12. In her Petition for Damages, Plaintiff alleges that she was involved in a December 7, 2022 motor vehicle accident caused by Defendant Jesse Olivares in Orleans Parish, Louisiana.[3]

13. Plaintiff asserts claims against Defendant Olivares for: (1) failure to keep a proper lookout for other vehicles in order to avoid a collision; (2) failure to maintain control of his vehicle so as to prevent it from striking her vehicle; (3) failure to apply the brakes of his vehicle timely and properly so as to bring it to a stop before striking her vehicle; (4) failure to back his vehicle in a safe manner in violation of La. R.S. 32:281; (5) violating City and State traffic laws and ordinances; (6) reckless operation of a motor vehicle; and (7) any other acts and omissions in contravention of the exercise of due care and the laws of Louisiana that Defendants may become aware of during the discovery in this matter.[4]

14. Plaintiff further asserts that Defendant Taylor Farms Texas, or alternatively, Defendant Taylor Fresh Foods, is/are independently liable to Plaintiff for: (1) negligently hiring a careless driver; (2) failure to properly or adequately supervise Mr. Olivares; (3) failure to properly or adequately train Mr. Olivares; (4) negligently entrusting Mr. Olivares to operate a vehicle; and (6) any other acts and omissions in contravention of the exercise of due care and the

---

[3] *Id.* at ¶ 3 through 6.
[4] *Id.* at ¶ 7.

3

laws of Louisiana that Defendants may become aware of during the discovery in this matter.[5]

15. Plaintiff alleges that ACE American Insurance Company issued a policy of insurance which provided coverage to Taylor Farms Texas, Taylor Fresh Foods, or Mr. Olivares and which policy was in full force and effect at the time of the subject incident.[6]

16. Plaintiff asserts that she sustained pain and suffering from her injuries sustained to her back, neck, arm, and from her headaches; medical expenses because of her injuries; mental anguish; loss of enjoyment of life; property damage; and any other damages.[7]

## AMOUNT IN CONTROVERSY

17. Plaintiff asserts claims for numerous injuries to her back, neck, and arm, in addition to pain and suffering, mental anguish, loss of enjoyment of life, and property damage, which types of claims make it facially apparent that the amount in controversy herein exceeds $75,000.00, exclusive of interests and costs.

18. Furthermore, Plaintiff has not entered binding stipulations limiting any award which might be made, nor has she provided affidavits waiving any recovery above any ceiling. Thus, she has not taken the steps to irrevocably limit their potential damage award, which is required in the Fifth Circuit when the injuries described facially appear to place a greater amount in controversy. *DeAgular v. Bowing Co.*, 47 F. 3d 1404 (5th Cir. 1995). As stated by the *DeAgular* court, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *DeAgular*, supra, quoting *In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992).

19. Furthermore, plaintiffs filing suits in Louisiana state courts are only allowed to allege an indeterminate amount of damages, unless they affirmatively renounce their right to

---

[5] *Id.* at ¶ 11.
[6] *Id.* at ¶ 12.
[7] *Id.* at ¶ 8.

recover damages in excess of $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, WL 211098, *2 (E.D. La. 1/27/09); *Levith v. State Farm Fire & Cas. Co.*, 2006 WL 2947906, *2 (E.D. La. 10/11/06). In the absence of specific allegations that the amount in controversy is less than $75,000, the items of damages alleged by a plaintiff are factors that generally weigh in favor of finding the facially apparent test satisfied. *Jeffcoats v Rite-Aid Pharmacy*, 2001 WL 1561803, *3 (E.D. La. 12/6/01). Here, Plaintiff alleges specific allegations of multiple injuries sustained as a result of the accident including injuries to her back, neck, and arm. Plaintiff also claims to have sustained headaches as a result of the accident. For these reasons, Defendants submit that the amount in controversy reasonably exceeds $75,000 and this court is vested with subject matter jurisdiction over the action pursuant to 28 USC 1332.

## SERVICE AND TIMELINESS

20. As this matter is being removed within 30 days of service upon defendant, this Notice of Removal is timely sought. Each defendant has 30 days from service to seek removal to federal jurisdiction under 28 U.S.C. section 1446(b)(2)(B). See *First Choice Surgery Cntr. Of Baton Rouge, LLC v. United Healthcare Services, Inc.*, 2012 U.S. Dist. LEXIS 106626, *7-8 (M.D.La. July 30, 2012); citing *Brown v. S.L. Netterville Logging, Inc.*, 2009 U.S. Dist. LEXIS 54233, *3 (M.D.La. June 26, 2009); *Backes v. Colonial Life & Accident Ins. Co.*, 2006 U.S. Dist. LEXIS 15501, *2 (E.D.La. April 4, 2006); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La. 2001); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D.La. 1996); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811, 812-13 (W.D.La. 1983).

21. Taylor Fresh Foods, Inc. was served with the Petition for Damages on January 17,

2024.[8]

22.     Taylor Farms Texas, Inc. was served with the Petition for Damages and on January 16, 2024.[9]

23.     The court has not received proof of service on any of the other named defendants.[10]

24.     Accordingly, this removal is being filed within thirty days of receipt of the initial pleadings.

### REMOVAL PROCEDURE

25.     A copy of this Notice of Removal is being served upon Plaintiff.

26.     A copy of the Notice to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana has been filed with the Clerk of Court.

27.     In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants properly joined and served" have consented in the removal of this action.

28.     Defendants will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

20.     Defendants reserve and maintain their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendants, Taylor Fresh Foods, Inc. and Taylor Texas Farms, Inc., hereby provide notice that this action is duly removed.

Respectfully submitted:

---

[8] See Affidavit of Service on Taylor Fresh Foods, Inc., attached hereto as Exhibit "B".
[9] See Affidavit of Service on Taylor Farms Texas, Inc., attached hereto as Exhibit "C".
[10] *See* Exhibit "A."

/s/ *Jamie F. Hickey* _____
DEAN M. ARRUEBARRENA, #24283
STANTON E. SHULER, JR., #19152
JAMIE F. HICKEY, #38477
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504-585-7500    Fax:  504-585-7775
Email:  darruebarrena@leakeandersson.com
　　　　sshuler@leakeandersson.com
　　　　jhickey@leakeandersson.com
Attorneys for Taylor Fresh Foods, Inc. and Taylor Texas Farms, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on **February 9, 2024**, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

/s/ *Jamie F. Hickey* _____

45576/1597621